[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Through an amended petition dated July 10, 1995, the petitioner alleges that he is an inmate in the custody of the Commissioner of Corrections, and that the Commissioner has unlawfully applied an Administrative Directive dealing with the subject of the restoration of earned but forfeited good time credits to him.
Specifically, the petitioner asserts that in May of 1989, he received a sentence of thirteen and one half years. He further claims that on or about May 28, 1991 the commissioner of CT Page 7913 Corrections promulgated Administrative Directive 9.5 "Code of Penal Discipline" which provided, in part, that an inmate who wished to seek restoration of earned, but forfeited, statutory good time was required to remain discipline free for specified periods of time depending on the classification of his disciplinary offense before he would be eligible for a restoration of forfeited good time credits. The petitioner claims that on April 19, 1993, the Commissioner promulgated a new administrative Directive 9.5 "Code of Penal Discipline" which elongated the time periods an inmate must remain discipline free in order to be eligible for the restoration of lost, earned good time credits. And, finally, the petitioner claims that on February 7, 1994 the Commissioner again issued a new Administrative Directive 9.5. "Code of Penal Discipline" which once again elongated the time periods in which an inmate must remain discipline free in order to be eligible for the restoration of earned, but forfeited, good time credits.
The petitioner further alleges that subsequent to the April 19, 1993 Administrative Directive but prior to February 7, 1994, he forfeited 210 days of earned statutory good time. Finally, the petitioner alleges that by the terms of the Administrative Directive which was in effect on the dates on which he forfeited earned good time he should be presently eligible to apply for a restoration of his previously earned and forfeited statutory good time. He asserts, however, that the Commissioner has wrongfully determined that the time periods for discipline-free conduct prescribed in the February 7, 1994 Administrative Directive apply to him, thus making him presently ineligible for restoration of his forfeited, statutory good time.
The petitioner raises three issues in support of his claim that the Commissioner's determination is unlawful. He asserts that the Administrative Directive was not promulgated pursuant to applicable provisions of the Uniform Administrative Procedures Act (UAPA), Connecticut General Statutes § 4-168 et. seq.; that the application of Administrative Directive 9.5 "Code of Penal Discipline" to him impairs his liberty interest in his earned statutory good time credits and unlawfully lengthens his period of confinement in violation of certain of his State and Federal constitutional rights; and that the application of the February 7, 1994 Administrative Directive to his circumstances violates the ex post facto clause of the United States Constitution. CT Page 7914
By pleading dated June 18, 1996, the respondent filed a "Renewed Motion to Dismiss" the petition on the basis that there is no constitutional or statutory right to apply for restoration of forfeited statutory good time and thus, the petitioner fails to state a claim cognizable in habeas corpus. This Memorandum of Decision addresses the respondent's Motion to Dismiss. In addition, the court notes that Practice Book § 529H provides, in part, that the court may, upon its own motion upon motion of the respondent, dismiss the petition if the court determines that it lacks jurisdiction, or that the petition, or a count therefore, fails to state a claim upon which habeas corpus relief can be granted, or upon a finding that ". . . (5) any other legally sufficient ground for dismissal of the petition exists." In this instance, while the respondent has alleged, as a legal basis for his Motion to Dismiss, that the court lacks subject matter jurisdiction, the court has more broadly examined to petition to determine if its allegations, even if proven true, would entitle the petitioner to habeas relief.[1]
At the outset, the court notes that the petitioner has not alleged any violation of his rights in the manner in which his earned good time credits were forfeited. cf. Santiago v.Commissioner, 39 Conn. App. 674 (1995). Nor has the petitioner alleged that he has remained discipline free, and that he has, in fact, sought a restoration of his earned but forfeited statutory good time credits. While the respondent avers that this defect implicates the petitioner's standing, the court, for the sake of judicial economy and closure, reaches the merits of the petitioner's claims.
The petitioner's first claim that the Commissioner failed to adhere to the requirements of UAPA does not raise an issue within the subject matter jurisdiction of the habeas court. cf.Vincenzo v. Warden, 26 Conn. App. 132 (1991). In Vincenzo, the Appellate Court, in determining that an inmate did not have a liberty interest cognizable in habeas in whether the Parole Board adhered to proper procedures, referred to the language of the United States Court of Appeals for the Fifth Circuit in Brown v.Lundgren, where the court opined; "`a prisoner challenging the decision of the board or the process by which that decision was reached must show that the action of the board was so unlawful as to make his custody in violation of the laws of the United States. There must be a sufficient nexus between the allegedly illegal action and the legality of his custody for habeas corpus to lie. A prisoner has no right to release on parole; he only has CT Page 7915 a statutory right to have the board comply with the A.P.A. and its own rules and guidelines. A departure by the board does not necessarily make his custody illegal.'" 528 F.2d 1050, 1053 (5h Cir.), cert denied, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283
(1976); Vincenzo v. Warden, supra 26 Conn. App. at 142.
Similarly, just as one lawfully convicted has no protected liberty interest in parole release, an inmate has no liberty interest in the restoration of earned, and then forfeited, statutory good time credits. In Howard v. Commissioner, Justice Callahan, writing for the court, opined: "The decision to restore good conduct credits is a discretionary function of the warden and/or the classification department. The commissioner of correction retains the discretion to approve or disapprove any restoration award." 230 Conn. 17, 19 n. 3 (1994). Since the petitioner has no right to the restoration of earned, but forfeited, good time credits, he has no liberty interest in the procedure followed by the Commissioner in establishing the parameters under which an inmate may apply for restoration.
Also, as to this aspect of the petitioner's claim, assumingarguendo, that the petitioner had, in fact, applied for restoration of forfeited statutory good time credits and had been denied, such a denial does not operate to lengthen his sentence. C.G.S. § 18-7a(c) provides, in pertinent part, ". . .Any person sentenced to a term of imprisonment may . . .by good conduct and obedience to the rules. . .earn a reduction of his sentence. . . ." Elsewhere, the statute states that. . .Misconduct or refusal to obey the rules which have been established . . . shall subject the prisoner to the loss of all or any portion of such reduction by the commissioner or his designee. C.G.S. § 18-7a(c). Thus, as noted by both the Appellate and Supreme Courts, statutory good time credits serve as a commutation of one's sentence, affecting one's parole and discharge date. cf. Seno v. Commissioner, 219 Conn. 269 (1991);Wilson v. Warden, 43 Conn. App. 503 (1994). The forfeiture of earned statutory good time does not serve to lengthen one's sentence. It serves as a loss of a portion of the sentence reduction previously earned by good conduct and obedience to the rules.
Finally, the petitioner claims that by applying the more stringent terms of the February 7, 1994 Administrative Directive 9.5 "Code of Discipline" to forfeitures which occurred prior to its adoption date, the Commissioner has violated the ex post CT Page 7916 facto clause of the United States Constitution. The claim is legally unsound. "The prohibition of ex post facto laws forbids the enactment of `any law' which imposes a punishment for an act which was not punishable at the time it was committed; it imposes additional punishment to that then prescribed. (internal citations omitted)" State v. Ross, 230 Conn. 183, 281 (1994). The Constitutional prohibition against ex post facto laws does not pertain to administrative directives issued by the Commissioner of Corrections; rather, it relates to crimes only. Abed v.Commissioner of Corrections, 43 Conn. App. 176 (1996). As stated by the Appellate Court in Abed, "The ex post facto clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration safety, and efficiency." Id at 183.
For the reasons stated, the petition is dismissed.
BISHOP, J.