[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, Ernest Francis, is an inmate at Garner Correctional Institution, sentenced to a term of fifty (50) years for murder in violation of General Statutes § 53a-54 (a). The petitioner received a disciplinary report in 1993 resulting in the loss of 60 days of statutory "good time." Previously, an inmate could regain his lost good time if he remained free of Class A disciplinary reports for one year. Administrative Directive 9.5 was changed in 1995, and now requires an inmate to remain free of Class A disciplinary reports for five years. The petitioner brought a habeas corpus action challenging the Administrative Directive as a violation of the ex post facto clause.
Additionally, the petitioner challenges the adequacy of the legal resource center at Garner Correctional Institution. The petitioner argues that the resource center does not have current CT Page 10987 editions of legal books. The petitioner maintains that the inadequacy of the legal resource center infringes upon his right of access to the courts.
Other issues originally set forth have been withdrawn by the petitioner.
I. Ex Post Facto Claim
Since the Commissioner of Corrections or his designee has the discretionary function of applying, revoking or restoring statutory good time credits; Howard v. Commissioner ofCorrections, 230 Conn. 17, 19 n. 3, 644 A.2d 874 (1994); any adoption or amendment of regulations as to that function does not give subject matter jurisdiction to the court. Vincenzo v.Warden, 26 Conn. App. 132, 134-35; 599 A.2d 31 (1991); Kendallv. Warden, Superior Court, judicial district of Tolland at Somers, Docket No. 941941 (October 23, 1996; Bishop, J.) (18 Conn. L. Rptr. 51, 53). Questions which do not concern the lawfulness of the detention cannot properly be reviewed on habeas corpus. Sanchez v. Warden, 214 Conn. 23, 33, 570 A.2d 673
(1990).
The due process clause gives prisoners a constitutionally protected liberty interest in statutorily created good time credits. McCarthy v. Warden, 213 Conn. 289, 299, 567 A.2d 1187
(1989). See also, Santiago v. Commissioner of Corrections,39 Conn. App. 674, 682, 667 A.2d 304 (1995). However, good time credits are not automatically given but are given at the discretion of the Commissioner, and absent a showing of a constitutional violation, that discretion will not be judicially questioned. Abed v. Commissioner, 43 Conn. App. 176, 181-82,682 A.2d 558, cert. denied, 239 Conn. 937, 684 A.2d 707 (1996).
Here, the petitioner urges that the application of the Directive has lengthened his sentence. The petitioner's claim is without merit considering that his term is for fifty years and he has subsequently acquired additional Class A disciplinary reports. Regardless of this fact, however, the petitioner does not have a liberty interest in the restoration of forfeited good time credits.
"Although the opportunity to earn statutory good time credits may have resulted in accelerating the petitioner's release date, future failure to obey established prison rules may result in a CT Page 10988 forfeiture of any or all of these credits . . . the possibility that the petitioner's unearned good time credits would affect his ultimate release date `is simply too attenuated' to create a liberty interest." (Citation omitted) Abed v. Commissioner,
supra, 43 Conn. App. 182.
Moreover, in terms of actual harm the petitioner is a long way from losing anything. He is serving a fifty year term. His good time credits come off the end of that term. It is of little consequence to him whether he can apply at the end of one year five years to have that good time restored.
Finally, ex post facto relates to crimes only, making innocent acts criminal. The constitutional clause does not prevent prison administrators from adopting and enforcing reasonable regulations that are consistent with prison administration, safety and efficiency Abed v. Commissioner,
supra, 43 Conn. App. 183.
II. Right of Access to the Courts
"It is now established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith,430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id., 828.[1]
An inmate alleging a violation of Bounds must show actual injury, a fundamental constitutional requirement of the doctrine of standing. Lewis v. Casey, 518 U.S. ___, 116 S.Ct. 2174,135 L.Ed.2d 606 (1996). "Because Bounds did not create an abstract, free-standing right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense . . . the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim."[2]Lewis v. Casey, 116 S.Ct. 2174; see also Santiago v.Commissioner of Correction, supra, 39 Conn. App. 680-81.
In the instant case, the petitioner offered no evidence to CT Page 10989 prove that he suffered harm as a result of the perceived deficiencies. The petitioner's claim that he was denied access to courts is misplaced in light of the numerous actions that he has filed and is planning to file. "Bounds does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip and fall cases." Lewis v. Casey, supra,116 S.Ct. 2174
The petitioner's remaining habeas corpus claims are therefore denied.
Samuel S. Freedman Judge Trial Referee