[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
In this petition for a writ of habeas corpus, petitioner has made certain allegations concerning her conditions of confinement and the actions of correctional officers. The respondent has moved to dismiss on the basis that the petition fails to state a sufficient claim for habeas corpus relief.
When considering the motion, the court must take the facts to be those alleged in the petition. Liljedahl Bros. v. Grigsby,215 Conn. 345, 348 (1990). If the facts alleged in the petition fail to state a claim upon which habeas corpus relief can be granted, the petition should be dismissed. Practice Book § 23-29(2).
The facts alleged in the petition indicate that petitioner was having difficulties with certain other inmates. Threats were made by others against petitioner and complaints were made to respondent's officers. It may be inferred that as a result of this situation, it was ordered that petitioner be transferred from the maximum security section of the facility to the minimum security section. CT Page 11096
Petitioner objected to the transfer and words were exchanged. As a result of this, petitioner was given a disciplinary report for threats of escape. Subsequently, the charge was reduced to disobeying a direct order. This charge was admitted by petitioner. As a result of the admission, petitioner received seven days in segregation and 30 days loss of telephone and commissary privileges. She also lost her job and was transferred in accordance with the original order.
The above facts constitute petitioner's claim for habeas corpus relief.
In order to prevail on her claim, petitioner must show that she has been deprived of a legally recognized liberty interest, and that she has been deprived of liberty without due process of law. Johnson v. Meehan, 225 Conn. 528, 546 (1993). Assuming all of the allegations of the petition to be true, it cannot be found that petitioner has been deprived of a protected liberty interest. Santiago v. Commissioner of Corrections,39 Conn. App. 674, 680 (1995).
Accordingly, the motion to dismiss is granted.
Joseph J. Purtill Judge Trial Referee