76 F.3d 504
 Brian PRINS, Plaintiff-Appellant,
v.
Thomas COUGHLIN, III; David Morgenstern, Rabbi;
Christopher Artuz, Superintendent; Denis Bliden, Deputy
Supt.; Gail Dougherty, Correction Counselor; Jack
Alexander, Direction of Classification, (each in their
official and individual capacities), Defendants-Appellees.
 No. 709, Docket 95-2458.
 United States Court of Appeals,
Second Circuit.
 Submitted Jan. 23, 1996.
Decided Feb. 20, 1996.
 
 Brian Prins, pro se, as Plaintiff-Appellant.
 Dennis C. Vacco, Attorney General of the State of New York (Ronald Turbin and Rosemary Dibenedetto, Assistant Attorneys General, New York City, of counsel), for Defendants-Appellees.
 Before: WINTER, JACOBS and PARKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Brian Prins, incarcerated and pro se, appeals a June 26, 1995 order of the United States District Court for the Southern District of New York (Mukasey, J.), denying his motion to amend his complaint and granting the defendants' motion for summary judgment.
 
 BACKGROUND
 
 2
 Prins was an inmate in the custody of New York State's Department of Correctional Services ("DOCS"), was transferred from the Green Haven Correctional Facility ("Green Haven") to the Clinton Correctional Facility ("Clinton"), and is now apparently confined in a Florida correctional facility. On March 24, 1994, Prins filed the present complaint against Thomas Coughlin III, Commissioner of DOCS, and Green Haven administrators, claiming that his transfer substantially burdened his exercise of religious freedom as a Jew in violation of the Religious Freedom Restoration Act of 1993 ("RFRA"), 42 U.S.C. § 2000bb-1. Green Haven is located in the Southern District of New York; Clinton is located in the Northern District of New York.
 
 
 3
 The complaint alleged that Prins (1) has "a sincere and strongly held religious belief that his hair and beard must not be shaved, cut, or trimmed and that he MUST maintain a KOSHER DIET at all times"; and (2) has "a sincere and strongly held religious belief that, he should be in a facility that has daily prayer services with a minyan as required by Jewish law, and permitted by DOCS officials in this State." However, the sole articulated legal theory was that the defendants had "deprived plaintiff of his right to a Hot Kosher Diet each and every day he is under the control of DOCS." In his demand for relief, the only equitable relief Prins specifically requested was an "injunction from violating the plaintiff's right to a 'Hot Kosher Diet' that is prepared in a 'Kosher Kitchen'." Prins also requested compensatory and punitive damages.
 
 
 4
 On August 2, 1994, after a hearing conducted in June, the district court denied Prins' application for a preliminary injunction ordering his return to Green Haven so that he could have hot kosher food. On November 22, 1994, the defendants filed a motion for summary judgment. On December 26, 1994, Prins filed a Rule 3(g) statement in opposition to the defendants' motion, in which he described how the Jewish services at Clinton were less frequent and less traditional than those he attended at Green Haven; Prins also complained about DOCS's one-inch beard rule.
 
 
 5
 On June 23, 1995, the district court issued a memorandum and order granting the defendants' motion for summary judgment and dismissing Prins' complaint. The district court found Prins had failed to present any evidence that the kosher diet at Clinton failed to meet the standards of Kahane v. Carlson, 527 F.2d 492 (2d Cir.1975), and that Prins therefore was unable to demonstrate that his exercise of religion was "substantially burdened" by government action in this respect. The district court treated Prins' Rule 3(g) statement as a motion to amend the complaint for the purpose of adding claims as to the quality of religious services at Clinton and for relief against enforcement of the one-inch beard rule. The court then denied that motion to amend as to the religious services, on the ground that Prins did not allege that the services at Clinton were inadequate. The court denied the motion to amend as to the one-inch beard rule, on the ground that the rule is a general DOCS regulation that is unrelated to the transfer, and that any complaint regarding the application of the rule at Clinton would have to be brought in the Northern District of New York. Prins thereafter brought this appeal.
 
 DISCUSSION
 A.
 
 6
 Although not raised by either party, we first consider whether we lack jurisdiction by reason of mootness. In order for a federal court to retain jurisdiction over a case, an actual controversy must exist "at all stages of review, not merely at the time the complaint is filed." Preiser v. Newkirk, 422 U.S. 395, 402, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975) (citations omitted). A case is deemed moot where the problem sought to be remedied has ceased, and where there is "no reasonable expectation that the wrong will be repeated." Id. (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632, 73 S.Ct. 894, 897, 97 L.Ed. 1303 (1953)).
 
 
 7
 It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility. Young v. Coughlin, 866 F.2d 567, 568 n. 1 (2d Cir.), cert. denied, 492 U.S. 909, 109 S.Ct. 3224, 106 L.Ed.2d 573 (1989); Beyah v. Coughlin, 789 F.2d 986, 988 (2d Cir.1986). On the other hand, the transfer does not moot an action for damages. Young, 866 F.2d at 568 n. 1. Since Prins is no longer incarcerated at either Green Haven or Clinton, he cannot get injunctive relief. Prins, however, also sought compensatory damages for harm caused by his transfer from Green Haven to Clinton, and that aspect of his complaint--and presumably of his putative motion to amend--are not moot.
 
 B.
 
 8
 We review de novo a grant of summary judgment. Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir.1993). On appeal, Prins does not dispute the district court's conclusion that the kosher diet at Clinton was adequate under the RFRA, nor does he dispute the legal analysis used to arrive at that conclusion. Rather, he appeals on the ground that all of the problems he identified in his complaint and Rule 3(g) statement should have been considered by the district court as a single interrelated set of claims bearing upon his freedom to worship. We analyze these claims--as the district court did--one by one. Accordingly, we affirm the district court's dismissal of Prins' complaint, although we reach that conclusion by way of a somewhat different analysis.
 
 
 9
 In its August 2, 1994, Opinion and Order denying Prins' motion for a preliminary injunction, the district court observed in a footnote that "a prison inmate ordinarily has no due process right to avoid a transfer from one prison to another, even though the transferee prison may have more severe conditions than the transferor prison." The district court then proceeded (in the main body of the opinion) to address Prins's claim under the RFRA regarding hot kosher food. The court concluded that the kosher food at Clinton passed constitutional and statutory muster, denied the preliminary injunction, and reaffirmed its reasoning in the June 23, 1995, Memorandum and Order dismissing Prins's complaint.
 
 
 10
 As the district court noted at the outset, a prisoner generally has no due process right to challenge a transfer from one facility to another. Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). Yet, this is precisely the gravamen of Prins's complaint, which names Green Haven officials as defendants for their role in effecting Prins's transfer to Clinton. The harm alleged by Prins is the deprivation of the kosher diet that was available at Green Haven. In light of Meachum, Prins has no enforceable culinary interest in the particular kosher diet offered at Green Haven as opposed to the one offered at Clinton. If the food at Clinton was incompatible with Prins's religion, the remedy would be a challenge in the Northern District of New York to the diet at Clinton, not a challenge in the Southern District to the transfer from Green Haven. We therefore affirm the district court's grant of summary judgment to the defendants and the dismissal of the complaint.
 
 
 11
 We do not read Salahuddin v. Coughlin, 993 F.2d 306 (2d Cir.1993), to require a contrary result. There, Salahuddin, a Muslim inmate who participated in weekly services at Auburn Correctional Facility, was one of many DOCS inmates selected for transfer to a newly constructed prison, Sullivan Correctional Facility, that could not accommodate religious services in its start-up phase. At Sullivan, Salahuddin and other inmates thus were not allowed to establish religious services. We held that the district court had erred in dismissing Salahuddin's suit against Sullivan officials, because it failed to consider "whether it was reasonable for [DOCS] to transfer inmates who regularly participated in congregate religious services," rather than transferring only prisoners who did not. Id. at 309. We explained that, since DOCS engaged in a selection process to determine which inmates should go to the new facility, and DOCS knew that Sullivan would not offer services, DOCS could have ascertained--and transferred--only inmates who did not regularly participate in religious services. Id. at 309-10.
 
 
 12
 In Salahuddin, the challenge to the prison transfer would have been reached on remand only after the district court determined that the failure to provide any opportunity for congregate religious services at the transferee facility was reasonable and therefore constitutional. That decision, therefore, allows a challenge to a transfer only where the transferee facility reasonably lacks any opportunity whatsoever for the exercise of a prisoner's religion. See 993 F.2d at 309. In the instant matter, the transferee facility does provide kosher food and Prins' challenge must be to the quality of that food at that facility rather than to the transfer.
 
 
 13
 Similarly, we affirm the district court's decision to deny Prins's putative motion to amend his complaint to include charges that the religious services at Clinton are not as frequent or as rigorous as the ones at Green Haven. We review for abuse of discretion a district court's denial of a motion to amend. S.S. Silberblatt, Inc. v. East Harlem Pilot Block, 608 F.2d 28, 42 (2d Cir.1979). As with the kosher diet issue, Prins does not claim that Jewish services at Clinton were inadequate; he challenges only the particulars of the religious experience at Clinton--such as the available format and inspirational quality--as to which Green Haven officials cannot be expected to inquire into, investigate, or consider. Any claim that the Clinton services substantially burdened Prins's rights under RFRA cannot be maintained as a challenge to the Green Haven officials' decision to transfer him there.
 
 
 14
 Finally, we agree with the district court that Prins's challenge to the DOCS one-inch beard rule is irrelevant to his transfer, and that it would be futile to permit Prins to amend his complaint to add such a claim.
 
 CONCLUSION
 
 15
 We have examined Prins's other arguments and find them to be meritless. For the foregoing reasons we affirm the judgment of the district court.