Simon NEWMAN and Demark Dixon, Plaintiffs,

v.

Carlyle HOLDER, Warden MDC Detention Center, Federal Bureau of Prisons, Defendant.

Nos. 98–CV–3244 (JS) (JLC), 98–CV–3243 (JS) (JLC), 99–CV–3702 (JS) (JLC).

United States District Court, E.D. New York.

June 6, 2000.

solved both defendants' motions on the basis of insufficient claims filing, however, the Court does not reach this issue.

Simon Newman, Otisville, NY, Demark Dixon, Fairton, NJ, plaintiffs pro se.

Kevin P. Mulry, Hilary C. Tompkins, Assistant United States Attorney, E.D.N.Y., Brooklyn, NY, for defendant.

## MEMORANDUM AND ORDER

SEYBERT, District Judge.

This action arises from the filing of three separate complaints by plaintiffs *pro se* Simon Newman and Demark Dixon. By separate but virtually identical complaints filed on April 27, 1998, Newman and Dixon complained about the conditions at the Metropolitan Detention Center in Brooklyn, New York ("MDC–Brooklyn"), alleging a violation of the Eighth Amendment. These actions, 98–CV–3243 and 98–CV–3244, were assigned to United States District Judge Allyne R. Ross, who issued an order on May 26, 1998 consolidating the two cases under docket number 98–CV–3244. Approximately a year later, on June 30, 1999, Dixon filed another action against the same defendants, this time alleging unlawful interference with his legal mail, in violation of the Fourth Amendment. This action was assigned docket number 99–CV–3704. Judge Ross deemed the new complaint an amendment to Dixon's prior complaint, and then consolidated the 1999 case with the other two under docket number 98–CV–3244 by Order dated July 6, 1999. The cases were re-assigned to the undersigned judge on or about September 10, 1999.

Pending before the Court is the defendants' motion to dismiss the claims pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Defendants argue that (1) plaintiffs failed to exhaust their administrative remedies; (2) the actions are moot insofar as they seek injunctive relief; (3) the complaints fail to state claims on which relief can be granted; (4) defendant Holder is entitled to qualified immunity; and (5) defendant Bureau of Prisons is not a proper party to these cases. Plaintiffs oppose the motion, each reciting a litany of allegations that are absent from their complaints. For the reasons briefly discussed below, the motion is granted.

### LEGAL STANDARD

For purposes of this motion to dismiss, the Court deems all facts alleged in the

complaint as true, "and draw[s] inferences from those allegations in the light most favorable to the plaintiff." *Dew v. United States*, 192 F.3d 366, 371 (2d Cir.1999); *see also H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–250, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989). A complaint may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *see also Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 44 (2d Cir.1997). The Court's inquiry at this stage is limited to the facts in the complaint or in documents attached to the complaint. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir.1996). In addition, the question is not whether plaintiff will prevail but rather "whether the claimant is entitled to offer evidence to support the claims." *See Arizona Premium Finance, Inc. v. Bielli*, 77 F.Supp.2d 341, 345 (E.D.N.Y.1999) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995)).

■ Additionally, the "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). When a plaintiff does not attach to the complaint or incorporate by reference a document "upon which it solely relies and which is integral to the complaint," the court may consider the document on a motion to dismiss without converting the motion to one for summary judgment. *Id.* at 47–48; *see also International Audiotext Network, Inc. v. American Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995).

## DISCUSSION

### A. The Complaints ·

Newman's complaint alleges that (1) the MDC–Brooklyn is overcrowded; (2) he constantly gets sick as a result of the resulting poor health conditions; (3) the number of toilets is insufficient for the number of inmates; (4) the ventilation is poor; and (5) the food is "ludicrous"—meaning that there is not enough of it, it is often served cold, and it often is undercooked. Newman alleges that he complained to the Unit Manager about these conditions, but that he was told that the facility had to cut costs. Newman seeks no specific damages, but merely requests "relief according to suffering and injuries sustained," and alleges that he will be sent "to an early grave if something is not done to rectify the problems."

Dixon's companion complaint is virtually identical, and also alleges that when he complained about the alleged conditions, he received the same response as Newman. Dixon seeks the same relief, in the same words, as Newman.

Dixon's second complaint, deemed an amendment to his first, alleges that on June 3, 1999, the contents of his legal mail envelope were removed without authorization by someone in the mail room before it was taken to a post office. Dixon also alleges that the mail room staff at the MDC is unprofessional and that its members are unqualified to touch and handle prisoner mail. Dixon claims that his privacy rights are being violated by the unauthorized opening of his legal mail. This complaint also seeks "relief according to suffering and injuries sustained."

### B. The Relevant Statute

Pursuant to Section 1997e(a) of Title 42 of the United States Code, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Because it is clear from the plaintiffs' complaints that they are challenging the conditions of their confinement at MDC–Brooklyn, this section plainly applies to the

claims presented. And "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan,* 503 U.S. 140, 144, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992).

The complaints contain no allegation that plaintiffs have exhausted the administrative remedies available to them. The only allegation coming anywhere close to an exhaustion allegation is that plaintiffs complained to the Unit Manager but was told that the MDC had to cut costs. This solitary complaint to the Unit Manager does not satisfy the exhaustion requirement of Section 1997e(a).

In addition to the bald deficiencies in the complaints regarding the exhaustion issue, defendants have submitted two declarations from M. Leslie Owen, a staff attorney with MDC–Brooklyn. The Court properly may consider these declarations on a motion to dismiss because plaintiffs have alleged generally that they complained to MDC–Brooklyn staff, and such allegations are integral to their complaints. *See Cortec,* 949 F.2d at 47–48. Owen affirms that Newman never filed any administrative complaints regarding his confinement at MDC–Brooklyn. Owen also declares that while Dixon initially complained to the warden about his outgoing legal mail, the claim was denied by the warden and Dixon never appealed that determination. Moreover, Dixon never filed an administrative complaint regarding the allegedly unsanitary conditions at MDC–Brooklyn.

The Bureau of Prisons has an established "Administrative Remedy Program" through which inmates "may seek formal review of an issue which relates to any aspect of their confinement" except issues specifically exempted elsewhere, which are not relevant here. *See* 28 C.F.R. § 542.10, § 542.12. The Program essentially applies to all inmates confined infederal correctional or detention facilities. *See* 28 C.F.R. § 542.10. The Program includes several levels, including two avenues of appeal. *See* 28 C.F.R. §§ 542.13–542.15.

■ The complaints here appear to seek both injunctive relief and monetary damages. The Second Circuit has not explicitly ruled on whether an inmate must exhaust administrative remedies when seeking monetary relief in a *Bivens*-type action. *See Snider v. Dylag,* 188 F.3d 51, 55 (2d Cir.1999) (highlighting the unresolved issue). Other courts of appeals have split on this issue. *Compare Perez v. Wisconsin Dep't of Corrections,* 182 F.3d 532, 537 (7th Cir.1999) (holding that § 1997e(a) always requires exhaustion before a suit may be brought by a federal prisoner in federal court); *Alexander v. Hawk,* 159 F.3d 1321, 1327–28 (11th Cir. 1998) (same); and *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998) (same), *with Whitley v. Hunt,* 158 F.3d 882, 887 (5th Cir.1998) (holding that prisoner-plaintiff bringing *Bivens*-type claim seeking only money damages is not required to exhaust administrative remedies under § 1997e(a) where the remedies available cannot provide such relief); *Lunsford v. Jumao–As,* 155 F.3d 1178, 1179 (9th Cir.1998) (same); and *Garrett v. Hawk,* 127 F.3d 1263, 1267 (10th Cir.1997) (same).

Despite this significant split of authority, this Court agrees with the Court of Appeals for the Seventh Circuit that "a prisoner cannot avoid § 1997e(a) just by limiting his demand in court to money." *Perez,* 182 F.3d at 537. Rather, "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed." *Id.* at 535. This approach more fully aligns with the clearly expressed statutory language of § 1997e(a), that "[n]o action shall be brought" unless the available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). *See Funches v. Reish,* No. 97 Civ. 7611, 1998 WL 695904, at *8 (S.D.N.Y. Oct. 5, 1998) (pointing out that by enacting § 1997e(a), "Congress intended to close the gaps … and impose a broad regime of statutorily-required exhaustion to all claims brought by federal prisoners.").

Because the plaintiffs have failed to allege that they have exhausted the administrative remedies available to them, the complaints fail to state a claim on which relief may be granted. Moreover, according to the Owen declarations, the plaintiffs in fact have not exhausted the available administrative remedies. Therefore, the claims must be dismissed. *See e.g., Beeson v. Fishkill Correctional Facility*, 28 F.Supp.2d 884, 887 (S.D.N.Y.1998) (dismissing complaint for failure to exhaust administrative remedies, and noting that § 1997e(a) applies regardless of the relief sought by a plaintiff).

■ The defendants have advanced several other arguments in support of their motion to dismiss, each of which must be addressed in order to narrow the issues should the defendants return to Court at a later date with properly exhausted claims. First, to the extent that the plaintiffs' claims request injunctive relief, those claims must be dismissed as moot because it is conceded that neither plaintiff is presently incarcerated at MDC–Brooklyn. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir.1996) (holding that plaintiff prisoner's transfer from a particular facility moots a claim for injunctive relief against that facility). Second, the claims for money damages against defendant Holder must be dismissed because the complaints fail to allege Holder's personal involvement in the facts of which plaintiffs complain. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995) (holding that a defendant's personal involvement in the alleged constitutional deprivation is an essential element of a Section 1983 action). Third, the claims against defendant Bureau of Prisons must be dismissed because the Bureau, as an agency of the United States, is not a proper defendant in a *Bivens*-type action. *See FDIC v. Meyer*, 510 U.S. 471, 484–86, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Keene Corp. v. United States*, 700 F.2d 836, 845 & n. 13 (2d Cir.1983).

■ Finally, Dixon's mishandling of legal mail claim must be dismissed for failure to state a claim on which relief can be granted. A mishandling of legal mail claim is a subspecies of the fundamental constitutional right of access to the courts. *Bounds v.. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). As a derivative of such a claim, to survive a motion to dismiss a plaintiff must allege not only that the alleged interference with his legal mail prevented him from presenting a meaningful case to the Court, but also that the defendant's actions resulted in actual injury, such as the denial of a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (stressing actual injury requirement of right of court access claims).

Here, Dixon does not allege any prejudice arising from the alleged mishandling of his legal mail. Indeed, the undersigned presided over Dixon's criminal action, docket number 97–CR–0543. The present complaint is the first indication the Court ever received that Dixon's efforts to communicate with his assigned counsel or with the Court somehow were being hampered by MDC–Brooklyn. The Court cannot possibly perceive how an isolated incident of interference with his legal mail—construing the claim broadly and assuming the truth of the allegations—could have prejudiced Dixon's defense. For this reason, the mishandling of mail claim is dismissed with prejudice for failure to state a claim. The Court has considered and rejected the parties' remaining arguments.

## C. The Restrictions on Future Filings

Dixon has a history of civil litigation in this district. Because of the statutory filing restrictions found in the Prison Litigation Reform Act, the Court is obligated to point out that, to this Court's knowledge, this complaint represents the third time that one of Dixon's complaints has been dismissed for frivolousness or for failure to state a claim. By way of review, the Court issued a Memorandum and Order dated

October 22, 1998, which dismissed Dixon's complaint in civil action 98–CV–6105. By Memorandum and Order dated November 24, 1998, the Court dismissed Dixon's complaint in civil action 98–CV–6915. In each of those two prior cases, as in this case, Dixon had been granted in forma pauperis status under 28 U.S.C. § 1915(a)(1).

Notwithstanding the fact that Dixon actually filed two complaints in this action, the actions were consolidated into one. The dismissal of the claim brought under docket number 99–CV–3702 is the third civil action dismissed by the Court in the past twenty months. Therefore, the Court places Dixon on notice of the restriction found in 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Dixon has now attained his third "strike" under § 1915(g) of the Prison Litigation Reform Act.

### CONCLUSION

For the abovementioned reasons, the defendants' motion to dismiss is GRANTED, and it is hereby

ORDERED that plaintiff Dixon's mishandling of mail claim is DISMISSED with prejudice for failure to state a claim upon which relief may be granted, and it is further

ORDERED that the claims seeking injunctive relief are DISMISSED as moot, and it is further

ORDERED that the claims against defendant Holder are dismissed without prejudice for failure to allege his personal involvement in the alleged constitutional deprivations, and it is further

ORDERED that the claims against the Federal Bureau of Prisons are DISMISSED with prejudice because the Bureau is immune from suit, and it is further

ORDERED that the Eighth Amendment claims seeking money damages are dismissed without prejudice for failure to exhaust administrative remedies.

The Court certifies that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Clerk of the Court is directed to close the above-captioned cases.

SO ORDERED.