Derrick COLMAN, Plaintiff–Appellant,

v.

Glen S. GOORD, et al., Defendants–
Appellees.

No. 00–0115.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2001.

Derrick Colman, Attica Correctional Fa-
cility, Attica, NY, pro se.

Martin A. Hotvet, Esq., Assistant Solici-
tor General, Albany, NY, for appellee.

Present OAKES, STRAUB and
POOLER, Circuit Judges.

### SUMMARY ORDER

AFTER DUE CONSIDERATION, IT
IS HEREBY ORDERED, ADJUDGED
AND DECREED that Appellee's motion
to dismiss that portion of Appellant's ap-
peal pertaining to the denial of injunctive
relief is GRANTED. IT IS FURTHER
ORDERED, ADJUDGED AND DE-
CREED that the remainder of the appeal
is *sua sponte* DISMISSED.

Plaintiff–Appellant Derrick Colman, *pro se,* appeals from an order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*) denying his motions for a preliminary injunction and appointment of counsel. The Defendants–Appellees move to dismiss the portion of the appeal which pertains to the denial of injunctive relief.

Colman filed a § 1983 complaint against the Department of Corrections Commissioner, the Cayuga Correctional Facility ("Cayuga") Superintendent, and several Cayuga corrections officers (collectively "the defendants"). In his complaint, Mr. Colman alleged various constitutional violations, including an unlawful search of his cell, deliberate indifference to serious medical needs, intentional deprivation of life necessities, denial of access to courts, and negligent or deliberate indifference of supervisors in monitoring their supervisees. Colman filed, *inter alia,* motions for assignment of counsel and for a preliminary injunction pursuant to Fed.R.Civ.P. 65(a) seeking to enjoin the defendants from engaging in threatening, harassing, or retaliatory conduct. Mr. Colman also sought to be transferred to another correctional facility or unit within Cayuga where the defendants were not assigned. In opposition to the motion, the defendants argued that Mr. Colman failed to satisfy the legal and factual requirements for a preliminary injunction.

The District Court denied Mr. Colman's motion for a preliminary injunction, finding that he had failed to demonstrate irreparable harm, a likelihood of success on the merits or sufficiently serious questions going to the merits of the case. The District Court further denied his motion for appointment of counsel.

■ Colman filed a timely notice of appeal seeking review of these decisions and subsequently submitted an appellate brief, which only addressed the denial of injunctive relief and restated the arguments raised in support of his original motion. The defendants moved to dismiss the appeal on the grounds that the motion for injunctive relief was moot due to Mr. Colman's transfer from Cayuga to Attica Correctional Facility. In a reply brief, Mr. Colman conceded the fact that he had been transferred, but argued that he was nonetheless entitled to a review of the District Court's decision on the merits.

■ This Court has jurisdiction to hear interlocutory appeals pertaining to the "granting, continuing, modifying, refusing, or dissolving [of] injunctions." *See* 28 U.S.C. § 1292(a)(1). In order to retain such jurisdiction, however, an actual controversy must exist at all stages of review. *See Prins v. Coughlin,* 76 F.3d 504, 506 (2d Cir.1996) (holding that a transfer from a prison facility renders an action for injunctive relief against the transferring facility moot). Mr. Colman concedes that his transfer moots his request for injunctive relief. Thus, this Court lacks jurisdiction to hear the portion of the appeal pertaining to the denial of injunctive relief, and therefore, the motion to dismiss is granted.

■ Furthermore, it is well-settled that interlocutory orders denying motions for appointment of counsel are non-final, and, generally, not immediately appealable. *See Welch v. Smith,* 810 F.2d 40 (2d Cir.1987). Although such orders may be considered by this Court if closely linked to an appealable order, *see Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22 (2d Cir.1988), the District Court's order in the instant case cannot be linked to any other appealable issue since it is the only remaining issue before this Court. Accordingly, this Court lacks jurisdiction to review the District Court's deni-

al of the motion for appointment of counsel.

For the foregoing reasons, the entire appeal is DISMISSED.