Abdullah Y. SALAHUDDIN,
Petitioner–Appellant,

v.

Ada PEREZ, Deputy Superintendent for Program Services, Wayne L. Strack, Superintendent, Mazzuca, First Deputy Superintendent, Robert Jones, Assistant Deputy Superintendent for Program Services, Carlton Good, Senior Counselor, Librado Cayco, Correction Counselor, Joanne Walsh, Freedom of Information Officer, Mr. Goidel, Inmate Grievance Program Supervisor, Carol Lugert, Volunteer Service Coordinator; all employees of the Fishkill Correctional Facility, Glenn Goord, Commissioner of Correctional Services,

Raymond Broaddus, Deputy Commissioner for Program Services, John P. Keane, Superintendent, Woodbourne Correctional Facility, Defendants–Appellees.

No. 06–2078–pr.

United States Court of Appeals, Second Circuit.

Feb. 2, 2007.

Abdullah Y. Salahuddin, pro se, Rome, New York, for Plaintiff–Appellant.

Daniel J. Chepaitis, Assistant Solicitor General (Eliot Spitzer, Attorney General of the State of New York, Michelle Aronowitz, Deputy Solicitor General, on the brief), New York, New York, for Defendants–Appellees.

Present: Hon. AMALYA L. KEARSE, Hon. SONIA SOTOMAYOR, Circuit Judges.*

### SUMMARY ORDER

Plaintiff-appellant Abdullah Y. Salahuddin appeals *pro se* from the February 6, 2006 judgment of the United States District Court of the Southern District of New York (Swain, J.) granting summary judgment to defendants-appellees (the "correctional officers"). We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

Reviewing the district court's grant of summary judgment *de novo* and drawing all reasonable inferences in favor of the non-moving party, *see Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir.1999), we find that Salahuddin has not demonstrated the existence of a genuine issue of material fact on the question of whether the correc-

* The Honorable John G. Koeltl, District Judge for the Southern District of New York, originally sitting by designation as a member of the panel, recused himself prior to oral argument. Because the remaining members of the panel are in agreement, we decide this case in accordance with § 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit.

tional officers violated his constitutional rights when they transferred him from Fishkill Correctional Facility to Woodbourne Correctional Facility in July 1999. With respect to his First Amendment retaliation claim, he has not demonstrated the existence of a genuine issue of material fact as to whether the correctional officers' decision would have been made regardless of the conduct Salahuddin claims was protected, as it is undisputed that he made unauthorized phone calls in violation of prison rules. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Nor has Salahuddin demonstrated the existence of a genuine issue of material fact with respect to his claim that the transfer itself violated his free exercise rights, because these same calls establish that there was a "valid, rational connection" between the transfer and his violation of the prison rules, *Turner v. Safley,* 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987) (internal quotation marks omitted), and he has not alleged that he cannot practice his religion at his new facility. *See Prins v. Coughlin,* 76 F.3d 504, 507 (2d Cir.1996) ("[A] prisoner generally has no due process right to challenge a transfer from one facility to another.").

It is unclear whether the district court construed Salahuddin's amended complaint to state a claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*[1] In any event, Salahuddin has not demonstrated the existence of a genuine issue of material fact as to whether his transfer "impose[d] a substantial burden" on his religious exercise, RLUIPA § 3(a), 42 U.S.C. § 2000cc–1(a), and so summary judgment would have been appropriate on this claim as well.

We have considered each of Salahuddin's remaining claims, and conclude they are without merit, substantially for the reasons stated in the district court's decision. We therefore AFFIRM the judgment of the district court.

---

1. It is unlikely that Salahuddin intended to assert such a claim, as he filed his amended complaint approximately four months before

Congress enacted RLUIPA. *See* Pub.L. No. 106–274, §§ 1–8; 114 Stat. 803 (2000).