**David Paul TAYLOR, Plaintiff–Appellant,**

v.

**Fred LEVESQUE, Defendant–Appellee.**

**No. 06–0356–pr.**

United States Court of Appeals, Second Circuit.

Sept. 5, 2007.

David Paul Taylor, pro se, Suffield, CT, for Plaintiff–Appellant.

Lynn D. Wittenbrink, Assistant Attorney General (Richard Blumenthal, Attorney General, Connecticut, on the brief), Hartford, CT, for Defendant–Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant David Paul Taylor ("Taylor") appeals from the November 14, 2005 judgment of the United States District Court for the District of Connecticut (Fitzsimmons, *M.J.*), which granted judgment on the pleadings to Defendant–Appellee Fred Levesque [*] in Taylor's civil rights action under 42 U.S.C. § 1983.

We assume the parties' familiarity with the facts, procedural history, and issues presented for review. In a nutshell, Taylor, who is a British citizen currently incarcerated at the MacDougall–Walker Correctional Institution in Suffield, Connecticut, complains that he was improperly classified as a security risk without any hearing on the basis of false accusations that he had planned to escape using a passport supplied by his twin brother. As a result, Taylor alleges, he cannot get a job in prison, his family has difficulty visiting him, and his chances of being transferred to a prison in the United Kingdom have been reduced. Taylor contends that the classification constitutes a violation of procedural due process under the Fourteenth Amendment.

The grant of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed de novo using the same standard applicable to dismissals for failure to state a claim under Rule 12(b)(6). *See Nicholas v. Goord,* 430 F.3d 652, 657 n. 8 (2d Cir.2005).

To state a claim for a denial of procedural due process, a prisoner must have possessed a valid liberty interest and been denied the requisite process before a deprivation of that interest. *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir.2000). To constitute a deprivation of liberty, a restraint must have imposed an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Additionally, the

prisoner must establish that "the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint." *Frazier v. Coughlin,* 81 F.3d 313, 317 (2d Cir.1996).

We agree with the district court that none of the hardships Taylor cites are atypical or significant. It is well settled that prisoners generally do not have a protected liberty interest in classifications that impact their eligibility to participate in rehabilitative programs. *See Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), *cited in Green v. Armstrong,* No. 98–3707, 1999 WL 642910, at *1 (2d Cir. Aug.20, 1999); *see also Pugliese v. Nelson,* 617 F.2d 916, 923 (2d Cir.1980).

Moreover, Connecticut has not granted inmates, by regulation or statute, a protected interest in their security classification; the matter is committed to the discretion of the Commissioner of Corrections. *See Wheway v. Warden,* 215 Conn. 418, 576 A.2d 494, 501 (1990); *Santiago v. Comm'r of Corr.,* 39 Conn. App. 674, 667 A.2d 304, 307 (1995) (holding that a prisoner challenging his designation as a security risk has "no property or liberty interest in prison employment, increased recreation[,] ... educational courses .... [or] access to visitors").

Taylor has failed to show that his classification impacted any particular entitlement under Connecticut's statutes or regulations. The provisions Taylor cites pertain to the procedures applicable to disciplinary violations, not security classifications. The hardships of which Taylor complains are incident to his classification as a security risk; they are not punishments for a disciplinary violation. And Taylor admits that he has been charged with no such violation.

Taylor's contention that the classification impacted his chances for a transfer to a different prison is unavailing; prisoners generally have no due process right to challenge their assignment to a particular facility, *see Prins v. Coughlin,* 76 F.3d 504, 507 (2d Cir.1996) (citing *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)), and therefore Taylor has no due process right to challenge a classification that might thwart his desire to transfer to another facility.

Taylor also contends that the district court erred by denying him leave to amend. Generally, leave to amend should be granted at least once if a liberal reading of a *pro se* complaint gives any indication that valid claim might be stated. *See Thompson v. Carter,* 284 F.3d 411, 416 (2d Cir.2002). But here, the district court reviewed the substance of the amendments Taylor proposed, and we agree with the district court that those amendments fail to cure the key defect in Taylor's allegations: he has been deprived of no protected liberty interest.

We have reviewed the remainder of Taylor's contentions and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**