16-3782-pr
*Ciaprazi v. Jacobson, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of April, two thousand eighteen.

PRESENT:    RICHARD C. WESLEY,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERTO CIAPRAZI,
                    *Plaintiff-Appellant,*

            v.                                    16-3782-pr

ALLAN JACOBSON, R. WILLIM, MARY J. D'SILVA,
CARL J. KOENIGSMANN, BRIAN FISCHER,
                    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Roberto Ciaprazi, *pro se*, Beacon, New York.

FOR DEFENDANTS-APPELLEES:       Barbara D. Underwood, Solicitor General;
                                Anisha S. Dasgupta, Deputy Solicitor General;
                                Ester Murdukhayeva, Assistant Solicitor

General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Crotty, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED WITHOUT PREJUDICE.**

*Pro se* plaintiff-appellant Roberto Ciaprazi appeals the district court's September 7, 2016 judgment, entered pursuant to its September 6, 2016 opinion and order, granting summary judgment on his claims under 42 U.S.C. § 1983 to defendants-appellees, officials and dentists at the New York State Department of Corrections and Community Supervision (the "Department"). Ciaprazi sought injunctive relief and damages for alleged Eighth Amendment violations in the provision of dental care. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

When Ciaprazi filed his notice of appeal and opening brief, he was incarcerated in a New York State prison. In July 2017, as this Court subsequently learned, Ciaprazi was released and deported to Romania. Since then, mail sent to Ciaprazi from this Court has been returned as undeliverable. The Department does not have a mailing or e-mail address for Ciaprazi in Romania, and the Court has been

unable to contact Ciaprazi or find anyone who is able to do so. Ciaprazi's last contact with the Court was in May 2017.

Article III of the Constitution limits our subject-matter jurisdiction to "disputes involving 'live cases and controversies.'" *Cty. of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 140 (2d Cir. 2010) (quoting *United States v. Quattrone*, 402 F.3d 304, 308 (2d Cir. 2005)). "Therefore, under the mootness doctrine, 'if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party,' we must dismiss the case, rather than issue an advisory opinion." *ABC, Inc. v. Stewart*, 360 F.3d 90, 97 (2d Cir. 2004) (quoting *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992)). A prisoner's release moots an action seeking injunctive relief against the prison, but not an action seeking damages. *See Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (per curiam).

In the present case, Ciaprazi's release and deportation moots his claim for injunctive relief. Because he is no longer a state prisoner, he cannot benefit from a reversal of the denial of his request to restrain enforcement of a prison dental policy. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 315 (2d Cir. 2007) (en banc) (dismissing as moot claim for asylum where petitioner's prior attorney had not spoken to him in three years, his current attorney never had contact with him, and individual from petitioner's village believed he had returned to China and died).

Although Ciaprazi's claim for damages is not moot, we prudentially decline to exercise our jurisdiction over that portion of his appeal due to his failure to maintain contact with the Court since he was deported. Even if Ciaprazi were to prevail, any calculation of damages would have to be determined in the district court and would require Ciaprazi's presence or participation. Therefore, we dismiss that portion of Ciaprazi's appeal that is not moot without prejudice to reinstatement -- "a disposition that we base on the inherent power of this Court to manage and control its docket." *Johnson v. Morgenthau*, 160 F.3d 897, 898-99 (2d Cir. 1998) (per curiam).

Accordingly, we **DISMISS** the appeal **WITHOUT PREJUDICE** to reinstatement if Ciaprazi contacts this Court and moves for such reinstatement. Any such motion for reinstatement will be decided by another panel of this Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk