Vermont Superior Court
Filed 03/28/25

SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-05082

Bernard Carter v Commissioner Vermont Department of Corrections et al

## Opinion and Order on Motion to Dismiss

In his amended complaint, Plaintiff alleges that the Defendants, including the Commissioner of the Department of Corrections (DOC), are failing to give him appropriate medical care for his back, including an MRI, which is medically necessary, all in violation of 28 V.S.A. § 801. The DOC has filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff has failed to exhaust his administrative remedies and that any exhausted claims are moot. Plaintiff acknowledges the general obligation to exhaust the grievance process before filing suit, and maintains that he has done so. The Court makes the following determinations.

The facts are not contested for purposes of the motion. While he was incarcerated at Northern State Correctional Facility, Plaintiff grieved his medical claim through the DOC process up to the Commissioner. His claims were denied. Defendant does not assert a failure to exhaust in that regard. Subsequently, Plaintiff was transferred to an out-of-state facility in Mississippi. Plaintiff has not grieved these issues at that facility. Defendant claims that the prior exhaustion is now moot and that the failure to exhaust in Mississippi precludes this case. The Court disagrees.

The Court has ruled on a similar issue multiple times in the past. For example, in *Crannell v. Pallito*, 451-7-14 Wncv, copy attached, the Court rejected just such a contention. The Court adopts that rationale here.

Nothing in Defendant's submission causes the Court to reconsider that approach. No doubt, there may be circumstances where a grievance is linked to a practice or personnel at a particular facility, or where the injunctive relief sought would be directed solely at a particular facility or agent. A transfer would likely moot such a case. Here, however, Plaintiff grieved his claim all the way to the Commissioner, who denied his claim. Even if the Mississippi facility might be managed by a different provider and a new grievance might obtain a different result, Plaintiff is not required to wait for allegedly necessary medical care on such

a hope. He grieved his issue to the highest officer in the grievance chain. The Commissioner is the ultimate arbiter–on the DOC side, at least–as to what medical care DOC believes is medically necessary. *See Plante v. State of Vermont*, 22-CV-01843, 2023 WL 7309286, Decision on Motion to Dismiss, at 4 (Vt. Super. June 7, 2023) (Tomasi, J.) ("[U]ltimate responsibility to assure that Vermont prisoners are provided with adequate medical care lies squarely with the Vermont Department of Corrections, regardless of where the particular prisoner is housed."). Plaintiff remains in DOC custody. Once someone has been denied care by the Commissioner, the grievance is ripe for judicial review.

Some of the cases cited by Plaintiff are addressed by the attached order and its rationale. Of the remaining ones, a closer examination confirms that they involve either claims directed at conduct of a particular facility or sought relief against such a facility or its personnel. The cases from the U.S. Court of Appeals for the Second Circuit, on which most of those decisions are based, specifically limit the scope of mootness as follows: *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief *against officials of that facility*."); *Thompson v. Carter*, 284 F.3d 411, 415 (2d Cir. 2002) ("A prisoner's transfer to a different correctional facility generally moots his request for injunctive relief *against employees of the transferor facility*."); *Prins v. Coughlin,* 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief *against the transferring facility*.... On the other hand, the transfer does not moot an action for damages.") (emphasis added to three cases). Just so here.

WHEREFORE, the motion to dismiss is denied. The parties shall submit a revised discovery schedule within 21 days.

Electronically signed on Wednesday, March 26, 2025, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge