[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Jermaine McKoy, filed a petition for a writ of habeas corpus seeking relief from the decision of the respondent commissioner of correction to house the petitioner in the highest security level unit at Northern Correctional Institution. The petitioner alleges that he is more appropriately housed at a less secure level. He alleges that other inmates, with discipline records similar to his, have been moved to less secure housing while he has been required to remain housed as a high security inmate. He also alleges that he has not been able to participate in the phase program, which, if he successfully completes, would allow him to be housed with the general prison population. The petitioner claims that this violates his constitutional rights.
The respondent moves to dismiss the petition pursuant to Practice Book § 23-29, because the petition is legally insufficient. The respondent argues that because the petitioner has not alleged facts to support a claim that the petitioner's sentence has been adversely affected, that his personal safety has been jeopardized or that the actions of the respondent constitute cruel and unusual punishment, the petition fails to state a claim upon which relief may be granted.
In considering the respondent's motion, the court accepts the facts pleaded as true. Abed v. Commissioner of Correction,43 Conn. App. 176, 180, 682 A.2d 558, cert. denied, 239 Conn. 937,684 A.2d 707 (1996).
The court's jurisdiction derives from General Statutes § 52-466
which provides that: "An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty. . . ." In Abed v. Commissioner of Correction, supra,43 Conn. App. 179-80, the court, relying on this statutory provision, stated that: "A court may entertain only those habeas petitions that address illegal confinement or deprivation of liberty." A court may also hear a habeas petition alleging cruel and unusual punishment. Arey v. Warden, 187 Conn. 324, 329, 445 A.2d 916
CT Page 10980 (1982).
"Liberty interests protected by the Fourteenth Amendment may arise from two sources — the Due Process Clause itself and the laws of the States." (Internal quotation marks omitted.) State v. Davis,190 Conn. 327, 337, 461 A.2d 947, cert. denied, 464 U.S. 938,104 S.Ct. 350, 78 L.Ed.2d 315 (1983). "In determining whether [the petitioner] has a liberty interest arising from the due process clause, the issue that must be resolved is whether [the petitioner], following a valid conviction, has a constitutional right to be sentenced to a particular type of facility. We hold that he does not." Id. See Meachum v. Fano, 427 U.S. 215, 224,96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) ("the conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in any of its prisons.")
"The second source from which a liberty interest can arise is the law of a particular state." State v. Davis, supra,190 Conn. 340. In order for the petitioner's condition of confinement to qualify as a constitutionally protected liberty, the interest must be assured by a Connecticut statute, judicial decree or regulation.Wheway v. Warden, 215 Conn. 418, 432, 576 A.2d 494 (1990); Statev. Davis, supra, 340. Connecticut law, however, does not assure the petitioner of a liberty interest in his housing classification.Wheway v. Warden, supra, 432. General Statutes § 18-86 gives the respondent the discretion to transfer any inmate to any department of correction institution or facility. Further, the Connecticut Supreme Court has held that a liberty interest is not created when the issue at hand is a matter of the prison official's discretion. Id. "Prison classification and eligibility for various rehabilitation programs, wherein prison officials have full discretion to control those conditions of confinement, do not create a statutory or constitutional entitlement . . . ." Id., 431. When prison officials are empowered with a discretionary determination, no liberty interest is created. State v. Davis, supra, 340-41. See Moody v. Daggett, 429 U.S. 78, 88-89 n. 9,97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (prison classification and eligibility for various rehabilitation programs, of which prison officials have full discretion to control, do not create a statutory or constitutional interest); Smith v. Luburdi,26 Conn. App. 254, 259, 600 A.2d 17 (1991) (habeas petitioner's claim regarding eligibility to participate in home release program was a matter of respondent's discretion and thus outside the province of the court). The court finds the petitioner has failed to allege facts that implicate a protected liberty interest. CT Page 10981
The court finds the petitioner also fails to allege facts sufficient to support a claim of cruel and unusual punishment. "Cruel and unusual punishment refers to punishment that involves the unnecessary and wanton infliction of pain or is grossly disproportionate to the severity of the crime." Santiago v.Commissioner of Correction, 39 Conn. App. 674, 683, 667 A.2d 304
(1995). "In its prohibition of cruel and unusual punishments, the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. . . . The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; . . . adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of the inmates . . . ." (Citations omitted; internal quotation marks omitted.) Id.
Without either allegation in the petition, this court lacks jurisdiction to entertain the petitioner's claims.
Thus, for all of the foregoing reasons the respondent's Motion to Dismiss is granted and the petition is dismissed.
Zarella, J.