[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, Vance Johnson, filed a petition for a writ of CT Page 4208 habeas corpus pursuant to General Statutes § 52-466, seeking to correct conditions of his confinement which he alleges violate his right to receive visitors.[1] Pursuant to Practice Book § 23-29, this court, upon its own motion, orders Vance Johnson's petition dismissed.
"In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement. The petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Internal quotation marks and citations omitted.) Jenkins v. Commissionerof Correction, 52 Conn. App. 360, ___ A.2d ___(1999). The only claim the petitioner raises in his petition is that his right to receive visitors at Northern Correctional Institution is being violated.[2] He seeks injunctive relief to correct this condition.
"Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong. A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. This jurisdiction relates to the court's competency to exercise power. Unlike jurisdiction over the person, subject matter jurisdiction cannot be created through consent or waiver." Vincenzo v. Warden, 26 Conn. App. 132,134-35, 599 A.2d 31 (1991). According to Santiago v. Warden, "inmates have no protected liberty interest in access to visitors."39 Conn. App. 674, 680, 667 A.2d 304 (1995), citing, Kentucky Dept.of Corrections v. Thompson, 490 U.S. 454, 460-61, 109 S.Ct. 1904,104 L.Ed.2d 506 (1989). The petitioner's allegation is insufficient to support subject matter jurisdiction in a habeas proceeding.
Thus, Vance Johnson's petition is dismissed because this court lacks jurisdiction to hear his claim. Practice book §23-29 (1).
Zarella, J.