[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has brought a writ of habeas corpus claiming that the issuance of disciplinary reports during his current and former period of incarceration violate his constitutional rights of due process, equal protection and freedom from cruel and unusual punishment. He alleges that he suffers "collateral consequences" of receiving the disciplinary reports which affect his length and conditions of confinement. Specifically, he contends that he cannot qualify for parole, level reductions, employment opportunities and early release programs due to the existence of these allegedly false disciplinary reports on his record. The petitioner requests among other things that those reports be expunged from his prison file. However, he states that he is not requesting a restoration of any good time credits nor arguing that he has a liberty interest in classification or parole.
A motion to dismiss a habeas corpus petition is governed by §23-29 (1998 Rev.) of the Practice Book. It states, in relevant part, that "[t]he judicial authority may . . . dismiss the petition, or any count thereof, if it determines that: (1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted; . . . (4) the claims asserted in the petition are moot or premature; [or] (5) any other legally sufficient ground for dismissal of the petition exists." "When considering the motion [to dismiss], the court must take the facts to be as those alleged in the petition. If the facts alleged in the petition fail to state a claim upon which habeas corpus relief can be CT Page 12275 granted, the petition should be dismissed." (Citations omitted.)Russo v. Warden, York Correctional Institute, Superior Court, judicial district of New London, Docket No. 545547 (September 25, 1998, Purtill, J.).
"The scope of relief available through a petition for habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty." Santiago v. Commissioner of Correction,39 Conn. App. 674, 679 (1995). See also General Statutes §52-466. "In order to prevail on a due process claim, the petitioners must show that they have been deprived of a legally recognized liberty interest, and that they have been deprived of liberty without due process of law. While no State may deprive any person of life, liberty, or property, without due process of law, it is well settled that only a limited range of interests fall within this provision. Liberty interests protected by the Fourteenth Amendment may arise from two sources — the Due Process Clause itself and the laws of the States." (Citations omitted; internal quotation marks omitted.) Santiago v. Commissioner of Correction, supra, 680.
Taking the facts as admitted, the receipt of the February, 1999 disciplinary report during his current prison sentence, does not invoke a liberty interest nor rise to the level of cruel and unusual punishment, affecting the petitioner's conditions of confinement. "A prisoner has no property or liberty interest in prison employment, increased recreation or educational courses."Santiago v. Commissioner of Correction, supra, 680. Moreover, "[p]rison classification and eligibility for various rehabilitation programs, wherein prison officials have full discretion to control those conditions of confinement, do not create a statutory or constitutional entitlement sufficient to invoke due process." Wheway v. Warden, 215 Conn. 418, 431
(1990). Furthermore, as to the issuance of disciplinary reports in general, this "court is not warranted in setting aside the decisions of prison administrators that have some basis in fact."Hanton v. Warden, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 573897 (February 24, 1998, Corrigan, J.T.R.), citing, Superintendent v. Hill,472 U.S. 445, 456, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Since the petitioner has alleged no loss of liberty by receiving the disciplinary report, his habeas claim cannot survive a motion to dismiss. CT Page 12276
"The eighth amendment to the United States constitution, which is applicable to the states through thefourteenth amendment . . . precludes the imposition of cruel and unusual punishment on an individual convicted of a crime. . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." (Citations omitted; internal quotation marks omitted.) Arey v. Warden, 187 Conn. 324, 328 (1982) (petitioner placed in segregated unit and confined to cell twenty-three hours per day). It is the opinion of this court that the punishment of ten days segregation and thirty days confined to quarters for being found guilty of disobeying an order does not rise to the level of cruel and unusual punishment contemplated by the eighth amendment. Nor is it cruel and unusual punishment for the prison personnel to treat a prisoner with disciplinary reports on his record in a different way. SeeSantiago v. Commissioner of Correction, supra, 683-84 (petitioners designated a security risk due to their possible gang connections).
"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to . . . jurisdiction; it is not the province of . . . courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." (Citations omitted; internal quotation marks omitted.)Delevieleuse v. Manson, 184 Conn. 434, 436 (1981). Unless the issues were capable of repetition, yet evading review; invoke public policy concerns; affect ongoing programs of the state's penal system or possibly affect a petitioner who may be convicted in the future, the court must rule the case moot. Id., 437. The nine disciplinary reports issued during the petitioner's previous incarceration to which he had subsequently been released from custody are moot, and therefore, this court has no subject matter jurisdiction. In order to establish an actual controversy as to the earlier disciplinary reports, the sentences must have to have been served continuously with his current sentence. See Howard v.Commissioner of Correction, 230 Conn. 17, 23-24 (1994).
The respondent's motion to dismiss is, accordingly, granted.
Moraghan, J. CT Page 12277