[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The petitioner Raymond Cerilli has filed this petition for writ of habeas corpus challenging the conditions of his confinement. He alleges that he is being denied a job while incarcerated and asks the court to order that he be reclassified so that he can be assigned work while he is an inmate at the correctional facility. He also alleges that he needs new clothing. He alleges that the funds in his prison account which could be used for clothing have been depleted because of the amount he spends on photocopying and on certified mail connected CT Page 12467 with his pro se litigation in this and other courts.
Thereafter the petitioner sent various letters to this court referencing this lawsuit, which the court treated as supplemental filings regarding this case. Enclosed with those letters were pleadings from an action he had filed in the United States District Court regarding claims of 1) inadequate medical treatment for a cyst on his neck and for pain in his wrist, 2) misdiagnosis a psychiatric disorder, and 3) wrongly prescribed eyeglasses.
The respondent has filed a Motion to Dismiss. The respondent cites Santiago v. Commissioner of Correction, 39 Conn. App. 674
(1995), inter alia, for the proposition that classification decisions by the respondent that result in grants of privileges such as jobs or recreation to inmates are entirely within the purview of the Commissioner of Correction. As to the petitioner's desire for new clothing, the respondent points out that no claim has been made that the clothing currently provided to the petitioner by the respondent is inadequate.[1]
The petitioner has filed a written objection to the Motion to Dismiss. He argues that the conditions of which he complains violate his constitutional rights and that therefore the Motion to Dismiss should be denied.
The Connecticut Supreme Court has defined the scope of petitions for habeas corpus based on the conditions of confinement. In Sanchez v. Warden, 214 Conn. 23 (1990), the Court, while not expressly endorsing the use of a habeas corpus proceeding to mount such a challenge, nonetheless stated that the court's concern in such an action was only with those rights founded in the constitution or of substantial character. Thereafter, citing Farmer v. Brennan, 511 U.S. 825,114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), the Appellate Court reiterated that only a limited range of interests are implicated by an inmate challenge to the conditions of confinement, and that these must be the kind of substantial liberty or property interests protected under the Fourteenth Amendment. Santiago v.Commissioner, 39 Conn. App. 674 (1995).
The petition must allege sufficient facts to support a constitutional violation. Santiago v. Commissioner, supra, 679. Decisions regarding classification of inmates made by the Commissioner or his designees that have the effect of depriving CT Page 12468 or restricting an imnate's access to "prison employment, increased recreation or educational courses" do not implicate a protected liberty interest. Id 680. See, Rhodes v. Chapman,452 U.S. 337, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The court therefore will not interfere with the respondent's decision in this regard.[2]
The other issue raised by the petitioner is that he has not been supplied with new clothing, and that he has utilized his own discretionary funds for other purposes. It is true that the respondent must provide "the minimal civilized measure of life's necessities" to incarcerated persons, including food, clothing, shelter, and medical care. Rhodes v. Chapman, supra, 347. See also, Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285,50 L.Ed.2d 251 (1976). The petitioner has alleged in his response to the Motion to Dismiss that during the last year and three months he has been supplied with only one pair of "state pants" and that those are ripped. Even assuming this to be true, such a single instance of inadequate attention to an inmate's clothing needs does not constitute the kind of violation cognizable under the Eighth Amendment, as cruel and unusual punishment, or under the Fourteenth Amendment, as a deprivation of a substantial liberty or property interest. See, Rhodes v. Chapman and Estelle v.Gamble, supra.
The petitioner has failed to allege any deprivation of rights by the respondent for which this court can grant relief. Accordingly, the petition is dismissed.
Patty Jenkins Pittman, Judge