[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION.
The petitioner (Omar J. Miller) who is presently incarcerated at Northern Correctional Institution has brought this petition claiming that his rights have been violated by being put in a high security status. One of the reasons he was put in high security status was because he had escaped from the Brooklyn Correctional Facility. Petitioner has also made a motion for emergency injunctive relief seeking that certain restrictions imposed upon him because of his high security status be removed until there is a full hearing on his request for declaratory judgment and compensatory and punitive damages. Specifically, petitioner requests an injunction requiring the removal of restrictions on non-contact visits, on weekly cell shakedowns, on in house job placement, restrictions imposed as to his use of the recreation yard, and restriction on his courtyard cell placement. He further asks that to be allowed to remain in McDougall Correctional Institution until his case is adjudicated.
The court has chosen to treat this petition as a habeas petition and as a request for an injunction.
A hearing was held with the petitioner present on July 19, 2000 before this Court.
The Court has listened to the testimony of the petitioner and reviewed the documents/pleadings and, based upon the totallity of the evidence finds as follows:
1. It is well settled law that prisoners have no constitutionally protected interest or federally protected right in their classification. In Pugliese v. Nelson, 617 F.2d 916, 925 (2nd Cir. 1980), the Second Circuit Court of Appeals which covers Connecticut rejected the claim that classification decisions are protected by due process. Further, claims relating to loss of recreation, work privileges, contact visits with family do not implicate a liberty interest. Santiago v. Commissioner of Corrections, 39 Conn. App. 674, 680 (1995). The Connecticut case of Weheway v. Warden, 215 Conn. 418, 430-31 (1990) established in Connecticut that an in-mate has no liberty interest in a particular security classification. Habeas corpus is an extraordinary remedy, and the Court should not intervene to micromanage the conduct of the warden and his subordinates in carrying out the purposes of incarceration. Security is a major consideration in the fulfillment of the Department of Correction's objectives. Security classification must be left to the judgment of the Department of Corrections.
2. Any claims against Warden Strange, the Warden at McDougall, are moot since the petitioner is no longer incarcerated at McDougall. CT Page 8964
3. As for the alleged statement by Warden Strange that "it will take at least five years before you get off of high security. You have to let a little water get under the bridge", that is strictly a professional opinion given by a professional corrections officer, and in view of the inmate's sentence of 43 years for murder and his prior escape, it is not unreasonable for Warden Strange to offer such an opinion. It is certainly not a violation of the petitioner's constitutional rights.
3. As to not being provided with an asthma inhaler, the petitioner is given asthma medication in the morning and at night and there is an emergency button in his cell to make emergency medical help available. This court cannot interfere with the Warden's decision as to whether or not to have an asthma inhaler in petitioner's possession at all times.[1]
4. In order for a preliminary injunction to be issued, the petitioner must establish a likelihood of success on the merits of his claim. For the reasons stated above, he has failed to meet that burden. See Abdul Wali v. Coughlin, 754 F.2d 1015, 1025 2nd Cir. (1985).
5. The petition for emergency injunctive relief is denied.
6. The request for declaratory judgment and the request for compensatory and punitive damages as stated in the petitioner's original prayer for relief are denied.
7. Based upon the aforementioned rulings, the motion for appointment of counsel is denied and the motion for discovery is denied.
8. In view of the findings of this Court on the applicable law as mentioned above, there is no need for counsel or discovery and there is no basis for declaratory judgments or damages.
Judgment is hereby entered for the respondent.