[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 9895
The petitioner brings this petitioner for habeas corpus on the grounds that he was sexually abused when he was fondled during body searches during visits from the library. He claims that this was done six times by one, Ms. Hall. He claims his complaints of these actions were never responded to by the unit manager. He further claims that Ms. Hall wrote a disciplinary ticket for assisting another inmate with his legal work. As a result of his assistance to the other inmate, she confiscated a legal document and wrote a contraband ticket. He further asserts all his mail is being opened and read because of the complaints he has made against Ms. Hall.
His appeal concerning the disciplinary ticket, his grievances and complaints were never answered.
The respondent wishes to dismiss on the grounds the petitioner failed to state a claim for relief asserting that although the petitioner received a disciplinary report on August 4, 1998 he did not lose any good time. And therefore, his confinement was not affected by the guilty finding in the disciplinary report. (See Santiago v. Commissioner ofCorrections, 39 Conn. App. 674 (1995).
The respondent raises further in a supplemental memorandum that pursuant to Conn. Prac. Book § 23-29 that the court should dismiss this action for (1) lack of Jurisdiction and or (2) because it fails to state a claim which is cognizable in a habeas corpus action.
Our Supreme Court has stated if a claimed fundamental constitutional right involving conditions of confinement does not raise an Eighth Amendment claim the court should not consider it.
The respondent further argues that this court should not broaden the use of a habeas corpus writ to include the claim of cross gender pat searches (in this case the alleged sexual assault which claims Ms. Hall fondling his buttock).
The respondent cites in the supplemental memorandum this court's prior holding in Jolley v. Warden, CV 97-407988-SJD, New Haven, 199 Conn. Super. Lexis 1773 (July 6, 1999). In Jolley the court stated questions which do not concern lawfulness of detention cannot be reviewed on habeas corpus proceedings. In the present case the petitioner is not challenging CT Page 9896 the lawfulness of his detention, but only the conditions surrounding his confinement.
In his original petition no claim was made that he was a Muslim and cannot be touched by a female staff member of the corrections department.
Judge Hodgson concluded in Allen et al v. Commissioner of Corrections,
No. 33 332 40 JD of New Haven, 1993, Conn. Super Lexis 616 (March 4, 1993), that claims of three Muslim prisoners who sought habeas corpus relief because their first amendment rights concerning dietary requirements was violated, could not be granted.
The ruling in Vincenzo v. Warden, 26 Conn. App. 132 is binding precedent limiting "habeas relief to attacks or being held in custody or duration of custody.
Habeas corpus relief is still limited under Connecticut law to issues that concern the lawfulness of detention and not to conditions of confinement unless those claims rise to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.
The claims herein do not rise to such a level based on prior precedent in this state.
The petition is denied.
Frank S. Meadow, Judge Trial Referee CT Page 9896 [EDITORS' NOTE: The case contained on this page is now located on CT Page 8019-y and CT Pages 9897 to 9899 are blank. CT Page 9900