[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON RESPONDENT'S MOTIONS TO DISMISS
The respondent has filed a motion to dismiss in both of the above-captioned cases. The motion to dismiss in Case #1 is dated August 8, 2000 and in Case #2 July 28, 2000. The Habeas Court, Corrigan, JTR, granted a motion to dismiss by memorandum of decision dated March 31, 2000 regarding the petitioner's medical conditions. It does not appear that the claims made in Case #1 are the same as Case #2. However, since the motions to dismiss dated August 8, 2000 and July 28, 2000 are the same, the Court will address both motion even though it appears that Case #2 has already been dismissed.
The petitioner brings these habeas actions claiming that he was not convicted of any offense set forth under Public Act 99-183, commonly known as Megan's Law. Said statute requires the petitioner to produce a blood sample for DNA analysis to be included in the State of Connecticut DNA data bank. The mittimus shows that the petitioner was convicted of sexual assault in the first degree by way of criminal liability for acts of another pursuant to CGS Section 53a-8 and Section 53a-70 (a). He was convicted of three counts of said offense. Public Act 99-183, Section 1, includes in the list of offenses under Megan's Law:
 "(C) A violation of any of the offenses specified in subparagraph (A) or (B) of this subdivision for which a person is criminally liable under Section 53-8,"
of the general statutes. One of the offenses specified in subparagraph (A) is CGS Section 53a-70, Sexual Assault in the First Degree. Accordingly, the petitioner was convicted of an offense specified under Megan's Law, and, therefore, is required to give a sample of his blood for DNA analysis. Further, under CGS Section 54-256 the Department of Corrections 18 required to register persons who are subject to registration under Megan's Law. This includes the provision of a blood sample for DNA analysis. See CGS Section 54-250 (3). Also, under CGS Section 54-251 the petitioner, under Megan's Law, is required to register with the Department of Public Safety within three days of his discharge from the custody of the Department of Correction.
The issue of the taking of the blood sample and the requirements for registration do not challenge the period of confinement of the petitioner nor does it challenge the conditions of confinement. Accordingly, on that basis the habeas court has no jurisdiction regarding the above claims. CT Page 11660 See Vincenzo v. Warden, 26 Conn. App. 132, 135-36 (1991). Santiago v.Commissioner of Correction, 39 Conn. App. 674 (1995)
As for the claim that these laws aforementioned are ex Post facto as applied to the petitioner, this claim is without merit in a habeas petition for two reasons:
1. These laws do not affect the petitioner's conditions of confinement or, more particularly, the length of his confinement.
2. This Court has recently addressed the issue of ex Post facto as applied to petitioners Gus Woods, Jazrahel King and Miguel Rentas concerning the passage of the act requiring them to serve a minimum of eighty-five percent of their sentence which act became effective after those petitioners committed their offenses. In addressing the ex Post facto issue, it is clear that one of the requirements to satisfy an ex Post facto assessment is that the Act involved increases the punishment of the petitioner. Megan's Law does not increase the period of confinement and cannot be considered an increase in punishment. The Court has reviewed the following cases which hold that registration of sexual offenders and even civil commitment of sexual offenders does not constitute punishment and does not violate the ex Post facto clause of the United States Constitution. There are two Second Circuit Court of Appeals cases which Circuit covers the State of Connecticut. The first isDoe v. Pataki (the governor of New York), 120 F.3d 1263, 1266 (Second Circuit 1997) , the second is Roe v. Office of Adult Probation (in Connecticut), 125 F.3d 47, 48 (Second Circuit 1997). The United States Supreme Court, in Kansas v. Hendricks, 521 U.S. 346, 361 (1997) held that the civil commitment of sexual offenders does not constitute punishment. For these reasons, this Court finds that there is no violation of the ex Post facto clause of the United States Constitution as it is applied to this petitioner.
Accordingly, the petitions for habeas corpus are dismissed.
Rittenband, JTR