[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a petition seeking habeas corpus relief for a purportedly erroneous classification of the petitioner as a safety threat. On November 9, 2000, the court held an evidentiary hearing on this petition.
In this case, the petitioner contends that correctional officers planted a shank, a homemade weapon, in his cell in order to frame him for possession of such contraband. On June 21, 1994, after a search of his cell uncovered the weapon, the petitioner received a disciplinary report. On June 28, 1994, a disciplinary incident hearing was held at which the petitioner was found guilty as charged. The petitioner was then reclassified to a higher security status, which reclassification resulted in more restrictive confinement and loss of certain privileges.
The petitioner makes no claim as to loss of accrued good time credits but does allege that he lost the ability to accrue such good time credit while reclassified.
 I
CT Page 13749
The writ of habeas corpus is an extraordinary and unique legal remedy,Vincenzo v. Warden, 26 Conn. App. 132, 135 (1991). Except for claims of cruel and unusual punishment, habeas corpus subject matter jurisdiction is invoked only if the petitioner's claims concern infringement of a liberty interest, Id., 138.
Unless reclassification into a higher security status results in the loss of accrued good time credits, such reclassification fails to implicate a liberty interest, Santiago v. Commissioner, 39 Conn. App. 674,683 (1995). Also, there is no deprivation of a liberty interest for loss of the ability to accrue good time credit because of the inmate's classification status, Abed v. Commissioner, 43 Conn. App. 176, 181 and 182 (1996).
Consequently, the petition's contentions, on their face, are insufficient to establish violation of a cognizable liberty interest necessary to invoke habeas corpus jurisdiction.
 II
Even if subject matter jurisdiction existed, the court would deny the petition because the petitioner failed to prove his allegations by a preponderance of the evidence. Two corrections officers testified that no one planted the shank which was found during a search of the petitioner's cell. The search was conducted because another inmate had tipped off prison personnel that the petitioner had the weapon and intended to assault a guard. The court found this testimony credible, and the petitioner's allegations unproven.
The petition is dismissed.
Sferrazza, J.