[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that he was falsely accused of being an active member of the Latin Kings, a Security Risk Group with a presence inside the Osborn Correctional Institution in March of 1999. He complains that he was not given sufficient information about the charge and that his right to due process of law was denied when he was given a disciplinary report.
A Department of Correction hearing was held on this matter on or about March 23, 1999. The petitioner was present at the hearing with his assigned advocate and entered a plea of not guilty. The hearing officer found the petitioner guilty based partially on evidence submitted by confidential informants. The petitioner was sanctioned to 15 days punitive segregation, 90 days loss of telephone privileges, 30 days loss of recreation and 60 days loss of visiting privileges. Additionally, he was classified as a SGRM inmate.
At the habeas corpus hearing on November 20, 2000, the court heard testimony from the petitioner and three correction officers, including the heating officer. On the basis of the evidence presented, this court finds that the petitioner has failed to demonstrate that he was unfairly treated. Fundamental fairness guaranteed by the Due Process clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Superintendent v. Hill, 472 U.S. 445, 456.
Furthermore, an inmate has no constitutional rights to a particular classification in a prison system. See Moody v. Daggett, 429 U.S. 78,89. Thus, the petitioner's request that the court order that he be CT Page 14646 removed from Security Risk Group designation is denied.
Finally, the sanctions imposed on the petitioner do not rise to the level of a constitutional violation and he has no protected right to have these privileges. See Santiago v. Commissioner of Correction,39 Conn. App. 674, 680.
The petition for a writ of habeas corpus is denied.
Barry, JTR