[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Petitioner seeks a writ of habeas corpus to restore visitation rights which it is claimed have been denied him.
For reasons hereinafter stated, the petition is dismissed.
The evidence indicates that on February 6, 1996, petitioner was convicted of assault in the third degree in violation of C.G.S. §53a-61 and several counts of risk of injury to a child in violation of § 53-21 and a sentence of 21 years execution suspended after 15 years followed by 5 years probation was imposed. Petitioner is now serving this sentence in the custody of the respondent at Gates Correctional Institute.
Petitioner has three children, 11, 10 and 9 years of age. He wishes to have these children on the list of those authorized to visit him. The children, or one of them, were the victims of the offenses for which petitioner was convicted and imprisoned. The children's mother and guardian has signed the appropriate forms so that the children may be allowed to visit with petitioner. The children were allowed to visit petitioner while he was incarcerated at Osborn Correctional Institute.
On his being transferred to Radgowski Correctional Institute, the children were removed from the visitor's list. He is now confined at CT Page 15941-ix Gates Correctional Institute and the children are still not on the list.
The final decision as to whom may visit a prisoner is made by the warden. In making this decision, the safety of the public, staff and the inmate are factors which are considered by the warden.
If a letter from the children's guardian was submitted, the warden might reconsider in petitioner's case. The position of DCF would also assist the warden in deciding this issue. However, the decision of the warden is final. An inmate has no protected liberty interest and access to visitors. Kentucky Department of Correction v. Thompson, 490 U.S. 454,460-61, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989), Santiago v. Commissionerof Correction, 39 Conn. App. 674, 680 (1995). Accordingly, the petition is dismissed.
PURTILL, Judge Trial Referee