[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, who is serving a ninety year sentence, has brought a habeas corpus petition challenging his placement on High Security Monitoring status at the Cheshire Correctional Institute. The petitioner was sentenced on June 3, 1993, after being convicted by a jury. The petitioner received the total effective sentence of ninety years due to his convictions for charges that included "murder, robbery, attempted robbery and criminal possession of a pistol."
The petitioner alleges and complains that he does not belong on a restrictive housing status. He argues that his classification as a high security inmate deprives him of prison "job opportunities and programs." The petitioner challenges his classification as a high security inmate despite his institutional history of twenty-two assaults on fellow inmates and corrections staff since the date his incarceration commenced. CT Page 2478
The respondent has filed a motion to dismiss the habeas corpus petition pursuant to Practice Book § 23-29 claiming that the court lacks jurisdiction and that the petition fails to state a claim upon which habeas corpus relief can be granted.
"A court may entertain only those habeas petitions that address illegal confinement or deprivation of one's liberty." Abed v. Commissioner ofCorrection, 43 Conn. App. 176, 179-80, cert. denied, 239 Conn. 937
(1996). General Statutes § 52-466, provides in pertinent part that, "An application for a writ of habeas corpus shall be made to the superior court or to a judge thereof for the judicial district in which the person whose custody is in question is claimed to be illegally confined or deprived of his liberty." Habeas corpus provides a special and extraordinary legal remedy for unlawful detention, and the jurisdiction of a habeas court is not implicated when no liberty interest is alleged.Vincenzo v. Warden, 26 Conn. App. 132, 135-36 (1991).
The Commissioner of Corrections has broad discretion in classifying prisoners and the classification of prisoners implicates no cognizable liberty interests or entitlements. Wheway v. Warden, 215 Conn. 418, 432
(1990). A habeas corpus petition may not be used to challenge the alleged erroneous classification as a security risk group member. Santiago v.Commissioner of Correction, 39 Conn. App. 674, 680 (1995).
The petitioner has not alleged that he has been subject to cruel and unusual punishment as said term has been defined in Farmer v. Brennan,511 U.S. 825, 114 S.Ct. 1970 (1994); Santiago v. Commissioner, supra 683; Arey v. Warden, 187 Conn. 324, 328 (1982). However, in ruling that the petitioner's habeas corpus petition must be dismissed, the court wishes to discuss Santiago v. Commissioner, 39 Conn. App. 674 (1995) in greater detail, as it applies to this matter.
In Santiago, five petitioners sought writs of habeas corpus claiming that the respondent commissioner had erroneously labeled them as street gang members, which resulted in their being classified as security risks. All of the petitioners alleged they had been denied due process and that had suffered a loss of privileges, including work privileges. One of the petitioners additionally alleged the loss of good time credits. In affirming the trial court's granting of the respondent's motion to quash in four of the petitions, the Appellate Court stated that, "A prisoner has no property or liberty interest in prison employment. . . . The allegations are insufficient to support subject matter jurisdiction in a habeas corpus proceeding." Id., 680; see Garzav. Miller, 688 F.2d 480, 485 (7th Cir. 1982), cert. denied, 459 U.S. 1150,103 S.Ct. 796, 74 L.Ed.2d 1000 (1983). CT Page 2479
The fifth petitioner in Santiago, in addition to alleging a loss of privileges, including prison employment, also alleged that he had suffered a loss of good time credits that would have shortened his confinement. The Appellate Court in Santiago found that the allegation of a loss of good time credits sufficiently implicated a liberty interest to support a constitutional due process claim. Thus the Appellate Court reversed the trial court and remanded the fifth petitioner's habeas corpus petition for further proceedings. In doing so the Appellate Court stated the following:
 "While there is no fourteenth amendment right for an inmate to received good time credits, when a state creates a right to good time credits, it is "required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff v. McDonnell, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Earned statutory good time credits cannot be forfeited without due process. Superintendent v. Hill, 472 U.S. 445, 453, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); Wolff v. McDonnell, supra, 418 U.S. 557-58; McCarthy v. Warden, 213 Conn. 289, 298-99, 567 A.2d 1187 (1989), cert. denied, 496 U.S. 939, 110 S.Ct. 3220, 110 L.Ed.2d 667 (1990). Because Johnson's allegation can be construed to include a loss of earned statutory good time credits, we find that he has alleged facts sufficient to implicate a recognized liberty interest. Therefore, the motion to quash directed to Johnson's petition should not have been granted." Santiago v. Commissioner, supra at 682-83.
The petitioner in the instant matter has alleged as follows:
 "I contend to simply hold me on such status is illegal according to the Dept. of Correction's policy. It prohibits me from applying for certain institutional work programs that allows me to obtain 7 day credit."
The petitioner during oral argument stated that increased prison employment opportunities, which are now foreclosed to him due to his high security status, would enable him to shorten the length of his incarceration. The respondent, however, admits that he has received limited prison employment opportunities for which he does receive credit. CT Page 2480
The respondent has not alleged that he has been deprived of any earned good time credits. He argues, simply, that he cannot earn as many as he might, had he not been classified as a security risk. This court does not find this situation analogous to the petitioner's case which was reversed and remanded in Santiago, supra 674.
The petitioner has not alleged sufficient facts showing a due process violation on the face of his petition, in his memorandum of law or oral argument in opposition to the respondent's motion to dismiss. Accordingly, the motion to dismiss the habeas corpus petition is granted.
The Court
by Arnold, J.