[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's motion to dismiss the above captioned action. The petitioner filed an objection. For reasons set forth below, this court grants the motion.
The petitioner, Dimas Rodriguez, filed this action alleging that while he was incarcerated, he was unlawfully disciplined as a result of a false claim made by a Department of Corrections employee. This discipline resulted in 15 days punitive segregation; 90 days loss of phone privileges and 60 days loss of visitation rights. The petitioner filed a complaint with the Connecticut Correctional Ombudsman, which was found meritorious in a July 15, 2000 Formal Recommendation. Despite the finding of the Ombudsman that the petitioner was unjustly disciplined, based on false, and purportedly retaliatory claims made by an employee of the Department of Corrections, the discipline was never rescinded. The petitioner filed the instant matter to remedy this situation. The defendant files a motion to dismiss, arguing that the complaint fails to state a legally cognizable claim.
The issue presented is whether a claim of erroneous punishment of a prisoner that did not include any loss of good time credits earned will support a habeas corpus petition. For reasons more fully explained, this court finds that it will not.
"The scope of relief available through a petition for habeas corpus is limited. In order to invoke the trial court's subject matter jurisdiction in a habeas action, a petitioner must allege that he is illegally confined or has been deprived of his liberty. Our Supreme Court found that [t]he writ of habeas corpus, as it is employed in the twentieth century, however, does not focus solely upon a direct attack on the underlying judgment or upon release from confinement . . . but is available as a remedy for issues of fundamental fairness implicating constitutional rights. . . . [S]ee also Arey v. Warden, 187 Conn. 324,445 A.2d 916 (1982) (claims concerning conditions of confinement may be CT Page 14262 brought in habeas corpus proceeding). This court has similarly recognized that the well established precepts of illegal detention and deprivation of constitutional rights remain the touchstones of [habeas corpus] jurisdiction. . . . [The court] must therefore determine whether the petitioners have alleged sufficient facts to constitute the deprivation of a legally recognized constitutional right." (Citations omitted; internal quotation marks omitted.) Santiago v. Commissioner of Correction,39 Conn. App. 674, 679, 667 A.2d 304 (1995).
In the present case, the petitioner alleges that he was punished with fifteen days of confinement and ninety days without use of the telephone. In Santiago v. Commissioner of Correction, supra,39 Conn. App. 674, the Appellate Court found that allegations that inmates suffered a loss of recreation, school and work privileges or a loss of access to visitors because of their designation as security risk group members fail to implicate a constitutionally protected liberty interest and therefore were insufficient to support subject matter jurisdiction in a habeas corpus proceeding. Id., 680. The fifteen days of confinement and ninety days without use of the telephone in this case, like the loss of recreation, school, work or visiting privileges in the Santiago case, does not alone deprive the petitioner of a constitutionally protected liberty interest to support a habeas petition.[1]
To the extent that the petitioner seeks relief because of his designation as a higher risk inmate, this claim, too is insufficient to support a habeas petition. The Appellate Court has rejected the claim that an erroneous designation of a prisoner as a security risk group member results in enhanced penalties and constitutes cruel and unusual punishment. Santiago v. Commissioner of Correction, supra,39 Conn. App. 683-84 The Court found that such a claim "fail[s] to allege sufficient facts demonstrating deprivation of the minimal civilized measure of life's necessities or excessive force because of their designations" to constitute an eighth amendment violation. Id.; see alsoAres v. Warden, supra, 187 Conn. 324 (finding that petitioner had not been subjected to cruel and unusual punishment to support habeas petition when petitioner claimed that the totality of conditions and procedures under which inmates are placed in administrative segregation unit for disciplinary reasons is counter-rehabilitative and oppressive); Pounceyv. Warden, Superior Court, judicial district of New Haven, Docket No. CV 01 0458299 (April 17, 2002, Thompson, J.) (finding that court lacked subject matter jurisdiction in habeas proceeding because petitioner failed to state legally cognizable claim when petitioner alleged that his security level was improperly increased resulting in loss of certain rights and privileges and denial of parole). CT Page 14263
Since "[a] court may entertain only those habeas petitions that address an illegal confinement or deprivation of liberty"; Abed v. Commissionerof Correction, 43 Conn. App. 176, 179-80, 682 A.2d 558, cert. denied,239 Conn. 937, 684 A.2d 707 (1996) (citing General Statutes § 52-466
(a)); and since the petitioner in this case has failed to allege either, the petitioner's claim is not one upon which habeas corpus relief may be predicated. Despite the apparent unfairness of the discipline, the habeas petition is not the proper vehicle to address this claimed injustice. This court has no jurisdiction to entertain the petitioner's claims. The defendant's motion to dismiss is granted.
 ___________________ Robinson-Thomas, Judge