[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By his petition filed May 3, 2002, petitioner seeks a writ of habeas corpus.
For reasons hereinafter stated, the petition is dismissed.
By virtue of mittimuses issued April 30, 1997 and October 17, 1997, petitioner is a sentenced prisoner in the custody of respondent.
The grounds for this petition arose out of a purchase by petitioner of a taped cassette at the prison commissary in June, 2001. At the time of the purchase, petitioner took exception to the fact that the purchase price of the cassette included a 30% mark up together with a 6% sales tax charge.
Petitioner does not contest the imposition of the sales tax, but does protest the 30% mark up by respondent. Section 17 of the Department of Correction Administrative Directive 12/21/97 covers all the pricing of all items sold in the prison's commissary system. This section states "all merchandise sold at the commissary shall be marked up 30 percent (30%)."
It is petitioner's position that because of his status as a prisoner he is prevented from purchasing items such as the tape cassette and DVD sets on the open market where often these items could be purchased for less than at the commissary. By its restrictions, respondent has established a monopoly, and by imposing the 30% mark up, has artificially inflated the price of goods sold at the commissary.
A writ of habeas corpus is available as a remedy for issues of fundamental fairness implicating constitutional rights. Santiago v.Commissioner of Correction, 39 Conn. App. 674, 679 (1995). It is doubtful that petitioner's claim involves a deprivation of rights guaranteed by either the Constitution of the State of Connecticut or the federal CT Page 15843 government.
Respondent has a right and a duty, to provide for the security and safety of its institution. Limiting inmates to purchases from a commissary under its control is a reasonable procedure to promote security and safety within the prison system. There is no evidence that the 30% mark up is unreasonable or discriminatory.
Inmates such as petitioner, who are convicted felons in the custody of respondent, should anticipate reasonable restraints on their ability to purchase and acquire items of personal property. The commissary situation complained of by petitioner does not constitute a deprivation of his constitutional rights.
Accordingly, the petition is dismissed.
 ___________________ Joseph J. Purtill, JTR
CT Page 15844