******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

JEAN COLINET *v.* DAVID BROWN
(AC 40612)

DiPentima, C. J., and Sheldon and Prescott, Js.

*Syllabus*

The self-represented, incarcerated plaintiff brought this action against the defendant, a retired Department of Correction employee, claiming violations of his federal constitutional rights. After the plaintiff had been removed from his job in the prison's industries program because of security concerns, he was allowed back into the program four years later. Thereafter, he wrote two letters to the defendant seeking back pay for the time that he was removed from the prison industries program. The defendant perceived the letters to contain certain comments that were threatening in nature and, subsequently, requested that the plaintiff be removed from the industries program, and the prison warden agreed. The plaintiff claimed that his removal from his job in the industries program violated his fourteenth amendment rights to due process and to equal protection, and his first and fourteenth amendment right against retaliation. The trial court rejected the due process claim, concluding that the plaintiff had no property or liberty interest in any particular job while in prison. The court found that the plaintiff failed to prove his equal protection claim, and that he failed to prove that his first and fourteenth amendment right against retaliation was violated because the defendant had a legitimate interest in the safety and security of the industries program, which was achieved by removing the plaintiff from the situation. The court thereafter rendered judgment for the defendant. On appeal to this court, the plaintiff claimed that the trial court's conclusions constituted bias and an abuse of discretion. *Held* that after a careful review of the record, the briefs, the parties' arguments and the applicable law, this court found no merit to the plaintiff's claims on appeal.

Argued December 11, 2018—officially released February 19, 2019

*Procedural History*

Action to recover damages for the alleged deprivation of the plaintiff's federal constitutional rights, and for other relief, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Cobb, J.*; judgment for the defendant, from which the plaintiff appealed to this court. *Affirmed*.

*Jean Colinet*, self-represented, the appellant (plaintiff).

*Stephen R. Finucane*, assistant attorney general, with whom were *Matthew B. Beizer*, assistant attorney general, and, on the brief, *George Jepsen*, former attorney general, for the appellee (defendant).

*Opinion*

PER CURIAM. In this action brought pursuant to 42 U.S.C. § 1983, the plaintiff, Jean Colinet, who is an inmate serving a sentence for murder, appeals from the judgment of the trial court rendered in favor of the defendant, David Brown, a retired former director of correctional enterprises for the Department of Correction (department). The plaintiff claims that the court erred in rejecting his claims that his fourteenth amendment rights to due process and equal protection, and his first and fourteenth amendment right against retaliation were violated. We affirm the judgment of the trial court.

The trial court set forth the following relevant facts and procedural history. "In 2011, the plaintiff was removed from his job in the industries program (laundry services) for security reasons. The plaintiff then accepted a post as a janitor, which paid a lower wage. A few years later, the decision to remove the plaintiff from the industries position was revisited, and he was allowed back into that program in 2015. The defendant was not involved in the 2011 decision. [The] plaintiff wrote to the defendant in January, 2015, and expressed his disagreement with the 2011 decision to remove him from the industries position, and asked that he be paid 'back pay' or the difference in pay between his industries post and his janitorial post from 2011 to 2015. The defendant perceived certain comments in the plaintiff's letter as threatening, and the court agrees. An attorney for the [department] responded to the plaintiff's letter and explained that the plaintiff was not entitled to back pay. The plaintiff sent the defendant a second letter dated February, 2015, which the defendant again believed certain comments in the letter as threatening in nature, and again the court agrees. As a result of the two letters, and in particular because they contained perceived threatening comments, the defendant requested that the plaintiff be removed from the industries program for safety and security reasons. The defendant did not want the plaintiff punished, but only that he be removed from the situation—that is, the industries program. The warden agreed that the letters contained some content that was threatening and, [as] such, that security and safety interests in the prison were implicated. The warden also agreed that the plaintiff [should] be removed from the industries program in March, 2015.

"The plaintiff then brought this action alleging that [the] defendant . . . violated his constitutional rights by having him removed from his industries job after he wrote the two letters disagreeing with his removal from the position and seeking back pay. The plaintiff believes that the letters were not threatening."

The court rejected the plaintiff's due process claim on the ground that he "has no property or liberty interest

in any particular job while in prison. *Santiago* v. *Commissioner of Correction*, 39 Conn. App. 674, 667 A.2d 304 (1995)." The court found that the plaintiff failed to prove his equal protection claim because he failed to prove that he has been treated differently from a similarly situated group. The court also found that the plaintiff failed to prove that his first and fourteenth amendment right against retaliation was violated. The court found that the letters written by the plaintiff had "contained threatening references," and thus that "the defendant had a legitimate interest in the internal safety and security of the industries program within the prison, which was achieved by removing the plaintiff from the situation. The prison's legitimate interests take precedence over the plaintiff's right to complain over being removed from his prison job or not receiving back pay, particularly where he had no right to any particular prison job." This appeal followed.

The plaintiff challenges the judgment of the trial court on the grounds that its conclusions "constituted biasness and an abuse of discretion." We have carefully reviewed the record, the briefs submitted and arguments made by both parties, and the applicable law, and we find no merit to the plaintiff's claims on appeal.

The judgment is affirmed.

———————————————